803 F.2d 67
 42 Fair Empl.Prac.Cas. 31, 41 Empl. Prac.
Dec. P 36,649,
55 USLW 2275, 1 A.D. Cases 994
 Peter J. HERON, Plaintiff-Appellant,
v.
Robert J. McGUIRE, as Police Commissioner of the City of New
York; Bruce Fogarty, as Deputy Commissioner-Trials, New
York City Police Department; Clarence D. Robinson as Chief
Surgeon, New York City Police Department; Albert Cohen,
M.D.; Martin Symond, Ph.D.; Albert Knorr; Robert D.
Friedman, M.D.; Captain Louis Papa; Medical Board of the
Police Pension Fund, Article II; Board of Trustees of the
Police Pension Fund, Article II; and New York City Police
Department, Defendants-Appellees.
 No. 1631, Docket 86-7455.
 United States Court of Appeals,
Second Circuit.
 Submitted Oct. 1, 1986.
Decided Oct. 10, 1986.
 
 Richard A. Dienst, Dienst & Cahn, New York City, for plaintiff-appellant.
 Frederick A.O. Schwartz, Jr., Corp. Counsel, New York City, Francis F. Caputo, Elizabeth I. Freedman, of counsel, New York City, for defendants-appellees.
 Before KAUFMAN, KEARSE and ALTIMARI, Circuit Judges.
 PER CURIAM:
 
 
 1
 Heron joined the New York City Police Department ("Department") in 1979, and beginning in 1982, he was repeatedly late for work, absent or out sick. In August 1982, Heron visited a police psychologist who determined that he should surrender his guns and be placed on non-patrol duty. The problems with his work habits continued, and his superiors began to suspect drug abuse. On December 1, 1982, Heron was at work when he apparently fainted and fell from his chair. He was taken to the hospital, where three tubes of blood were taken as part of normal emergency room procedure. Heron later left the hospital after an unrelated argument with a doctor, and was suspended from the police force after refusing a superior's order to return to the Health Services Division.
 
 
 2
 On December 9, 1982, the Department obtained a sample of Heron's blood from the hospital, pursuant to an order of the New York County Supreme Court. Subsequent tests by the Medical Examiner indicated heroin use. Heron does not deny being addicted to heroin, but attributes his habit to job-related stress and involvement in an unusually high number of violent incidents. A disciplinary hearing was conducted for seven days between February and June 1983, and Heron was dismissed one day before a scheduled medical board examination to determine his eligibility for pension disability benefits. The dismissal automatically disqualified Heron from entitlement to benefits.
 
 
 3
 Heron commenced an action in federal district court by Order to Show Cause in February 1983, seeking to discontinue the disciplinary hearing and to obtain additional relief. Appellees cross-moved to dismiss, and the district court denied both motions. Following his dismissal, Heron moved to compel the Medical Board to examine him in connection with his disability-retirement claim. The federal district court denied the motion in August 1984. In November 1983, Heron commenced an Article 78 proceeding in New York County Supreme Court, challenging his dismissal and denial of pension benefits under New York State law. The state court affirmed the Police Department's actions without opinion.
 
 
 4
 In January 1985, appellees moved the United States District Court for summary judgment pursuant to Fed.R.Civ.P. 56, and the court granted the motion on May 26, 1986. Judge Stewart held: (1) The Department's practice of dismissing heroin users and treating alcoholics does not violate equal protection, (2) The administration of the blood test was not a Fourth Amendment violation because no state action was involved, (3) The blood test was not a Fifth Amendment violation because it was not testimonial or communicative, (4) Heron was not denied due process in his dismissal and denial of pension benefits, (5) Heron's dismissal did not violate Sec. 504 of the Rehabilitation Act of 1973, (6) Heron is not an "otherwise qualified" handicapped individual within the meaning of 29 U.S.C. Sec. 794, and (7) Exercise of pendent jurisdiction over the state law claims was not warranted.
 
 
 5
 On appeal, Heron argues that the Department's policy of treating heroin addiction as a disciplinary matter constitutes impermissible discrimination on the basis of handicap in violation of the Rehabilitation Act of 1973. We affirm the judgment of the district court because we find that Heron does not fall within the Act's definition of a "handicapped individual." Heron claims the protection of 29 U.S.C. Sec. 794, which provides that "no otherwise qualified handicapped individual" shall be the subject of discrimination in any program receiving federal financial assistance. For the purposes of this section, 29 U.S.C. Sec. 706(7)(B) states that a "handicapped individual" does not include any individual who is an alcoholic or drug abuser whose current use of alcohol or drugs prevents such individual from performing the duties of the job in question or whose employment, by reason of such current alcohol or drug abuse, would constitute a direct threat to property or the safety of others.
 
 
 6
 Heron concedes that his heroin addiction rendered him unfit for duty as a police officer, and the facts of this case foreclose any other conclusion. His dependence required him to break the laws he was sworn to enforce, and he was impaired in his ability to respond to emergency and life-threatening situations. Although past drug addiction may be considered a handicap within the meaning of the Act, Davis v. Bucher, 451 F.Supp. 791 (E.D.Pa.1978), Heron is not a "handicapped individual" within the meaning of the Act because his drug habit rendered him unfit for police work. We therefore find it unnecessary to consider the argument that he is an "otherwise qualified" handicapped individual pursuant to 29 U.S.C. Sec. 794. See Southeastern Community College v. Davis, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979); Doe v. New York University, 666 F.2d 761, 775 (2d Cir.1981).
 
 
 7
 The remainder of Heron's claims on appeal rely on state and local law. He urges in these pendent claims that he was improperly dismissed from the police force without a pension. Since the district court properly granted summary judgment on all of Heron's federal claims, we find that its dismissal of the pendent claims was also proper. No exceptional circumstances are present in this case that would warrant the exercise of such jurisdiction. Walker v. Time Life Films, Inc., 784 F.2d 44 (2d Cir.1986). Indeed, Heron already unsuccessfully challenged his dismissal and denial of benefits in the New York State Supreme Court.
 
 
 8
 Accordingly, we affirm the district court's grant of summary judgment.